11-87-ag
Aquino v. Holder

BIA
Vomacka, IJ
A098 647 469
A098 647 450

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of May, two thousand twelve.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> ROBERT D. SACK,
> REENA RAGGI,
> > *Circuit Judges.*

_____

FATIMA EVANGELISTA CEN AQUINO,
J. RAPHAEL RAY CEN AQUINO,
> *Petitioners,*

> v.                                          11-87-ag
>                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONERS:     Felix Q. Vinluan, Law Office of Felix
                     Q. Vinluan, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General;
                     John S. Hogan, Senior Litigation

**Counsel; Edward E. Wiggers, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DISMISSED in part and DENIED in part.

Petitioners Fatima Evangelista Cen Aquino ("Aquino") and J. Raphael Ray Cen Aquino, natives and citizens of the Philippines, seek review of a December 3, 2010, decision of the BIA affirming the May 26, 2009, decision of Immigration Judge ("IJ") Alan A. Vomacka denying Aquino's application for asylum and withholding of removal. *In re Fatima Evangelista Cen Aquino, J. Raphael Ray Cen Aquino*, Nos. A098 647 469/450 (B.I.A. Dec. 3, 2010), aff'g Nos. A098 647 469/450 (Immig. Ct. N.Y. City May 26, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions for the sake of completeness. *Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Aliyev v. Mukasey*, 549 F.3d 111, 115 (2d Cir. 2008).

## I.  Asylum

The agency denied Aquino's asylum application as untimely filed, and concluded that Aquino did not qualify for any exceptions to the statutory filing deadline.  This Court lacks jurisdiction to review these determinations.  *See* 8 U.S.C. § 1158(a)(3) (placing agency determinations as to the timeliness of an asylum application beyond judicial review); *see also Gui Yin Liu v. INS,* 508 F.3d 716, 720 (2d Cir. 2007).  While we retain jurisdiction to review "constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(D), Aquino has raised no such arguments in her brief.  Accordingly, we dismiss for lack of subject matter jurisdiction the portion of Aquino's petition seeking to review the agency's denial of her asylum claim.

## II.  Withholding of Removal

Persecution is a "threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive."  *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (BIA 1985), *overruled, in part, on other grounds*, *INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987); *accord Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006).  The harm or suffering must be inflicted in order

3

to punish the individual for having a belief or characteristic the persecutor seeks to overcome, and inflicted either by the government of a country or by persons or an organization that the government is unable or unwilling to control. *Acosta*, 19 I. & N. Dec. at 222; *see also Pavlova v. INS*, 441 F.3d 82, 85 (2d Cir. 2006). Such harm must be sufficiently severe, rising above "mere harassment." *Ivanishvili*, 433 F.3d at 341.

Here, the agency reasonably found that the mistreatment experienced by Aquino in the Philippines did not rise to the level of persecution. Aquino testified that armed members of the security forces in the Philippines came to her home asking for the whereabouts of her husband, who had gone into hiding after being accused of organizing a coup, and that the security forces followed her to her son's school and stopped their car on several occasions. None of the incidents described by Aquino rise above "mere harassment." *Ivanishvili*, 433 F.3d at 341; *see Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) ("We have emphasized that persecution is an extreme concept that does not include every sort of treatment that our society regards as offensive.") (internal citation and quotation marks omitted). Although Aquino also testified that security forces once threatened to kill her and her son

4

if they did not find her husband, substantial evidence supports the agency's conclusion that the encounter did not rise above mere harassment.

Aquino argues that the agency erred in failing to consider whether the psychological harm she experienced in the Philippines rises to the level of persecution. But the IJ expressly considered the possibility that Aquino might have experienced persecution in the form of psychological harm, and rejected it. Accordingly, substantial evidence supports the agency's conclusion that Aquino did not establish that she had experienced past persecution in the Philippines.

The agency also determined that Aquino failed to demonstrate that she had a well-founded fear of future persecution in the Philippines. Aquino's expert witness described an incident in which security forces rounded up and briefly detained the families of former military personnel who had gone into hiding after attempting a mutiny, in order to compel the military personnel to surrender. However, brief periods of detention do not constitute persecution. *See Joaquin-Porras v. Gonzales*, 435 F.3d 172, 182 (2d Cir. 2006). Furthermore, the agency reasonably concluded that Aquino was not likely to be subject to surveillance and detention to find

5

the whereabouts of her husband, who was arrested and convicted of espionage in the United States, and whom the Philippines was seeking to extradite.

Finally, Aquino does not challenge the agency's determination that she failed to demonstrate that she was, or would be, mistreated in the Philippines on account of a protected ground.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk